IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 2:06cv804-ID |
| v. ) | (WO) |
| ) | |
| COTTON STATES MUT. INS. CO., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the court is Plaintiff Patricia A. Watson's ("Watson") motion to remand, filed September 20, 2006. (Doc. No. 4.) This insurance litigation, which originally was filed in state court, arises from a dispute over a claim Watson filed with Defendant Cotton States Mutual Insurance Company ("Cotton States") under a homeowner's insurance policy for damages sustained to the roof of Plaintiff's home as a result of a hail storm in 2003. Cotton States, joined by Defendant Shaw Agency ("Shaw Agency"), timely filed a notice of removal to the United States District Court for the Middle District of Alabama, alleging diversity jurisdiction as the basis of removal. See 28 U.S.C. §§ 1332(a), 1441(b). Claiming that the amount in controversy is insufficient to invoke the court's diversity jurisdiction, Watson moves for remand for lack of subject matter jurisdiction. For the reasons to follow, the court finds that the motion to remand is due to be denied without prejudice, with leave to renew if appropriate.

## II.  REMAND STANDARD

A defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."  Univ. of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)).  Accordingly, the federal removal statutes must be strictly construed against removal, and, generally speaking, all doubts about removal must be resolved in favor of remand.  See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

Here, Defendants contend that federal removal jurisdiction is proper based upon diversity of citizenship.  See 28 U.S.C. §§ 1332(a), 1441(b).  A federal district court has diversity jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).  To sustain federal removal jurisdiction based on diversity of citizenship in a case where the complaint, as filed in a state court, seeks an unspecified amount of damages, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

Whether a federal court has jurisdiction over a removed lawsuit depends upon the pleadings at the time of removal. See Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000). "If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, do not divest the court of jurisdiction." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Poore, 218 F.3d at 1291).

### III.  BACKGROUND

Watson, as the insured, alleges that Cotton States "does business by agent" and that the agent in this case is Shaw Agency. (Compl. ¶¶ 1-2 (Ex. A to Doc. No. 1).) In March 2003, Watson purchased a homeowner's insurance policy, which Defendants sold to her. (Id.) Watson bought the policy based upon Defendants' representations that the policy "would cover [her] dwelling, personal property, and loss of use." (Id. ¶ 6.)

Watson avers that, in April 2003, a hail storm damaged her home's roof. The damage to the roof's structure caused the roof to leak, and, as a result, the interior of Watson's residence suffered water damage. (Id. ¶ 9.) Watson filed a claim with Cotton States which after alleged excessive delays was denied. (Id. ¶¶ 10-20.) Consequently, Watson filed this lawsuit in the Circuit Court of Montgomery County, Alabama, on July 18, 2006, seeking an unspecified amount of compensatory and punitive damages, for breach of contract and bad faith. (Id. ¶¶ 21-31.)

On September 6, 2006, Cotton States, joined by Shaw Agency, timely removed this case to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1441(b). (Notice of Removal & Joinder (Doc. Nos. 1, 3).) Defendants assert that the court exercises subject matter jurisdiction over this case through diversity of citizenship and the requisite amount in controversy, pursuant to 28 U.S.C. § 1332(a). (Id.)

### IV.  DISCUSSION

Watson has moved for remand in this case arguing that 28 U.S.C. § 1332(a)'s jurisdictional amount has not been met. In support of her contention, Watson has submitted an affidavit in which she states that she does not intend to seek damages in excess of $74,999; that the amount of damages claimed "is and will forever be" less than the jurisdictional minimum; that she will not accept under any circumstances a judgment or settlement in this case in excess of $75,000; and that her limitation of damages is binding on her "heirs." (Watson Aff. at 1 (Ex. A to Doc. No. 4).)

Although Watson attests that she is not seeking more than the jurisdictional minimum, Watson has not stated in her affidavit whether or not she intended *at the time of removal* to seek more than $75,000 in damages. See Poore, 218 F.3d at 1290-91 (holding that 28 U.S.C. § 1447(c) requires the court to "determine whether it had subject matter jurisdiction at the time of removal"); see also Lacey v. Dollar General Corp., Civ. No. 2:05cv1041, 2005 WL 3240708 (M.D. Ala. 2005) (DeMent, J.) (finding that 28 U.S.C. § 1332(a)'s amount-in-controversy requirement was not met at the time of removal where plaintiff attested that "she did not intend

4

to seek damages in excess of $75,000 at the time the Complaint was filed" in state court).  The date of removal is when the jurisdictional amount is measured, and Watson's intentions on that date are unclear.  Accordingly, the court finds that Watson's affidavit does not demonstrate that Defendants have failed to sustain their burden of showing that the amount in controversy satisfies the jurisdictional minimum set forth in 28 U.S.C. § 1332.  Although Watson's motion to remand is due to be denied, Watson may renew her motion if there exists adequate evidence demonstrating that at the time of removal diversity jurisdiction was lacking.[1]

### V.  ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Watson's motion to remand be and the same is hereby DENIED without prejudice, with leave to renew if appropriate.

DONE this 22nd day of September, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Watson is not precluded from renewing her motion to remand because 28 U.S.C. § 1447(c), as "qualified" by the Eleventh Circuit in Poore, *supra*, requires a court to remand a case, "if at any time before final judgment, it appears that jurisdiction did not exist *at the time of removal*." Davenport v. Ford Motor Co., No. 1:05-cv-3047-WSD, 2006 WL 2048308, *4 n.6 (N.D. Ga. 2006) (citing Poore, 218 F.3d at 1290-91; 28 U.S.C. § 1447(c)) (emphasis in original).