# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. WATSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. 2:06cv804-ID |
| v. ) | (WO) |
| ) | |
| COTTON STATES MUT. INS. CO., et al., ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Before the court is Plaintiff Patricia A. Watson's ("Watson") renewed motion to remand, filed September 26, 2006. (Doc. No. 6.) For the reasons to follow, the court finds that the motion is due to be granted.

Previously in this case, Watson filed a motion to remand, arguing that 28 U.S.C. § 1332(a)'s jurisdictional amount was not satisfied. (Doc. No. 4.) In support of that motion, Watson filed her affidavit and argued that, based on the attestations therein, Defendants had not, and could not, show that the amount in controversy satisfied the jurisdictional minimum set forth in § 1332(a). The court, however, denied the motion to remand, finding that Watson's affidavit was insufficient to defeat Defendants' showing that it was more likely than not that, at the time of removal, Watson was seeking more than $75,000 in damages. (Doc. No. 5); see Poore v. American- Amicable Life Ins. Co. of Texas, 218 F.3d 1287 (11th Cir. 2000). The court, though, observed that Watson could renew her motion if there existed evidence that, at the time of removal, diversity jurisdiction was lacking. (Doc. No. 5.) Watson now has

renewed her motion to remand, arguing anew that the jurisdictional amount has not been met and providing a supplemental affidavit in support of this contention.

In her supplemental affidavit, Watson attests that, although her Complaint seeks an unspecified amount of compensatory and punitive damages, "*at the time of removal*, [she] did not intend to seek more than $74,999.00 in damages." (Watson Aff. (Ex. A to Doc. No. 6) (emphasis in original).) She further states that she "irrevocably agree[s] that the amount of damages claimed by [her] in this action is and will forever be no more than $74,999.00, exclusive of interest and costs," that she "will under no circumstances accept a judgment or settlement in this case in excess of $74,999.00," and that her "agreement is binding upon [her] and [her] heirs and cannot be rescinded or revoked under any circumstances, regardless of any development which may occur during the investigation, discovery, or trial of this action." (Id.)

Based on Watson's stipulation, the court finds that Watson intended to limit her recovery to less than the jurisdictional minimum at the time of removal, Poore, 218 F.3d at 1291, and that she will neither ask for nor accept damages more than $75,000. The court finds, therefore, that Watson has established that, at the time of removal, the amount in controversy requested in the Complaint was less than $75,000 and that Defendants have not met their burden of showing that more than the jurisdictional amount has been sought in this case. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

In so finding, the court emphasizes that, while it does not call into question the integrity of Watson's damages demand, should she disregard her demand and pursue or accept damages in excess of $75,000, then upon application to the court by opposing counsel, an investigation

into the representations of Watson's counsel to this court will be swift in coming and sanctions will be painful upon arrival.  See Fed. R. Civ. P. 11; M.D. Ala. L.R. 83.1.

Based on the foregoing, it is CONSIDERED and ORDERED that Watson's renewed motion to remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c).  The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 28th day of September, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).