# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. WATSON, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:06cv804-ID |
| | ) (WO) |
| COTTON STATES MUTUAL INSURANCE COMPANY; SHAW AGENCY; and Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms corporations, or entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff; all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained, | ) |
|     Defendants. | ) |

## ANSWER

COMES the Defendant designated as Shaw Agency and for answer to the Complaint heretofore filed by the Plaintiff, Patricia A. Watson says:

    1.    Admitted

    2.    Admitted

    3.    Denied

    4.    N/A (fictitious party averment).

    5.    Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore, it is denied

    6.    Denied as phrased.

7. **Agree only that the Plaintiff purchased the policy identified for the residence identified. Admit the effective date of the policy. The remainder of the averment is denied.**

8. **Shaw does not have information or knowledge at this time to admit the truth of this averment, therefore, it is denied.**

9. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

10. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

11. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

12. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

13. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

14. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

15. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

16. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

17. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

18. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied. Shaw states on information and belief that Jones was an adjuster, not an agent.**

19. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

20. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

## COUNT I

## BREACH OF CONTRACT

21. **Shaw adopts his above answer.**

22. **Admit only that the Plaintiff had an insurance policy with Cotton States as identified. The terms of the policy speak for themselves. Shaw is not a party to the contract of insurance with the Plaintiff.**

23. **Admit the amount of the premium. The terms of the policy speak for themselves.**

24. **Shaw does not have sufficient information or knowledge at this time to admit the truth of this averment, therefore it is denied.**

25. **Shaw does not have sufficient information or knowledge at this time to admit that the plaintiff paid the required premium and fulfilled all conditions on her part. Shaw, however, denies that he was a party to a contract with the plaintiff. Therefore, Shaw denies that he breached any contractual obligation to the plaintiff under the policy of insurance.**

26. **Denied on information and belief.**

## COUNT II

## BAD FAITH

27.     Shaw adopts his above answer.

28.     Shaw does not have sufficient information or knowledge to admit the truth of this averment, therefore it is denied.

29.     Denied.

30.     Denied.

31.     Denied.

## DEFENSES

1.      The plaintiff in her Complaint fails to state a cause of action against Shaw upon which relief can be granted.

2.      Shaw pleads the applicable statute of limitations.

3.      Shaw is entitled to a judgment on the pleadings.

4.      Shaw was not a party to a contract, including but not limited to a contract of insurance, with the plaintiff.

5.      Since Shaw was not a party to any contract with the plaintiff, Shaw cannot be held liable for bad faith as a matter of law.

6.      The plaintiff's complaint against Shaw is not reasonably based in law or fact and Shaw reserves all rights afforded him by Alabama substantive law to pursue these expenses and such other damages allowed as a result of being named in, and being required to defend, the present action.

7.      Shaw pleads laches of the plaintiff.

**8.      Shaw pleads waiver and estoppel.**

**Respectfully submitted this 28th day of September, 2006**

                                        **s/William D. Motlow, Jr.**
                                        William D. Motlow, Jr.
                                        ASB-1563-L59W; MOT001
                                        Porterfield, Harper, Mills & Motlow, P.A.
                                        22 Inverness Center Parkway, Suite 600
                                        P.O. Box 530790
                                        Birmingham, Alabama 35253-0790
                                        Telephone:  205-980-5000
                                        Facsimile:   205-980-5001
                                        E-mail:  wdm@phm-law.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **PATRICIA A. WATSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **COTTON STATES MUTUAL** | ) |
| **INSURANCE COMPANY; SHAW** | ) |
| **AGENCY; and Fictitious Defendants** | ) |
| **"A", "B", and "C", whether singular** | ) |
| **or plural, are those other persons, firms** | ) |
| **corporations, or entities whose wrongful** | ) |
| **conduct caused or contributed to cause** | ) |
| **the injuries and damages to Plaintiff;** | ) |
| **all of whose true and correct names are** | ) |
| **unknown to Plaintiff at this time, but** | ) |
| **will be substituted by amendment when** | ) |
| **ascertained,** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

    I do hereby certify that a copy of the above and foregoing has been served upon the following by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed on this the 28th day of September, 2006.

Jannea S. Rogers, Esquire
Adams and Reese, LLP
One St. Louis Street
Suite 4500
Mobile, AL 36602
Tel.: 251.433.3234
Fax: 251.438.7733
jannea.rogers@arlaw.com

Robert Lester Pittman, Esquire
Randall B. James, Esquire
James & Pittman, P.C.
P.O. Box 4266
Montgomery, AL 36103-4266
Tel.: 334.262.0500

Fax: 334.262.0548

**s/William D. Motlow, Jr.**
William D. Motlow, Jr.
ASB-1563-L59W; MOT001

Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, Alabama 35253-0790
Telephone:  205-980-5000
Facsimile:   205-980-5001
E-mail:  wdm@phm-law.com